993 So.2d 1189 (2008)
Shawn MADISON
v.
DEPARTMENT OF POLICE.
No. 2007-C-2405.
Supreme Court of Louisiana.
October 31, 2008.
PER CURIAM.
On April 4, 2008, this court issued an order upholding a January 19, 2007 New Orleans Civil Service Commission ("Civil Service Commission") decision which reinstated Officer Shawn Madison as an officer with the New Orleans Police Department *1190 ("NOPD"). Madison v. Department of Police, 2007-2405 (La.4/4/08), 978 So.2d 288. On May 16, 2008, this court denied NOPD's request for rehearing as untimely. Madison v. Department of Police, 2007-2405 (La.5/16/08), 980 So.2d 700.
In its factual findings, the Civil Service Commission determined that Officer Madison had been wrongly terminated for abandonment of his duties post-Katrina when he was suffering from and being treated for stomach cancer. Specifically, the Civil Service Commission found that Officer Madison "provided evidence that he should have been placed on a medical leave status rather than terminated." Madison, 2007-2405 p. 3, 978 So.2d at 290. This court found the record provided a reasonable factual basis for the Civil Service Commission's finding and affirmed the decision of the Civil Service Commission in ordering that Officer Madison be reinstated to his position at NOPD. Id., 2007-2405 p. 5, 978 So.2d at 291.
Officer Madison has been reinstated to his former position. Reinstatement also includes back pay for that time period in which he was able to work post-termination, along with all other emoluments and other financial compensation to which he may be entitled. In connection with the issue of back pay due to him, Officer Madison provided information from his treating oncologist showing the dates he was able to return to work on limited duty (March 1, 2006) and full duty (May 8, 2007). In addition, Madison provided his W-2 form for 2005 and his tax forms for 2005, 2006 and 2007. NOPD has refused to calculate Officer Madison's back pay unless it receives his full medical records for his entire course of treatment as a precondition to calculating back pay. Officer Madison agreed to provide medical records from the time he was released to light duty, March 1, 2006, until he was released for full duty, May 8, 2007. NOPD refused and counsel for Officer Madison filed in this court a "Motion For Enforcement Of This Court's Final Order Or Alternatively, Motion For Contempt On Behalf Of Shawn Madison."
The Civil Service Commission's factual finding, that Officer Madison should have been placed on medical leave rather than terminated from his position, was affirmed by this court. Thus, the only inquiry remaining for resolution as to the amount of back pay due for reinstatment is when Officer Madison was able to return to work. Any attempt by NOPD to relitigate the Civil Service Commission's factual finding should be denied. We remand Officer Madison's motion and alternative motion to the Civil Service Commission for the enforcement of their decision and for the consideration of the movant's alternative motion.